UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAYNA WILLIAMS, ) | |
| ) | CASE NO. C04-2006RSM |
| Plaintiff, ) | |
| ) | ORDER DENYING PLAINTIFF'S |
| v. ) | MOTION TO COMPEL |
| ) | |
| BELLINGHAM EAR, NOSE, THROAT ) | |
| AND FACIAL PLASTIC SURGERY, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I.  INTRODUCTION

This matter comes before the Court on plaintiff's Motion to Compel.  (Dkt. #18).  Plaintiff asks the Court to issue an Order directing defendant to produce the "original," unredacted form that it submitted to the Employment Security Department pertaining to plaintiff's request for unemployment benefits.  Defendant objects to production of the form, and has asserted attorney-client privilege. (Dkt. #22).  For the reasons set forth below, the Court DENIES plaintiff's motion.

## II.  DISCUSSION

**A.  Background**

Plaintiff is a former employee of defendant.  She was employed from approximately May 27, 1999, until March 24, 2004, as an audiologist.  Plaintiff alleges that she was terminated from

ORDER
PAGE - 1

1  employment because she complained about a sex toy catalog being passed around the office, and other
2  related actions that could be construed as sexual harassment.  Defendant appears to assert that
3  plaintiff's termination actually related to plaintiff's time records, and questions about whether she
4  actually worked the hours she claimed.  Plaintiff has since filed the instant action, alleging that
5  defendant terminated her employment in violation of Title VII and RCW 49.60, for complaining about
6  the sexual harassment, and without cause or progressive discipline as required by defendant's
7  handbook.

8  Shortly after plaintiff's employment was terminated, plaintiff applied for unemployment
9  benefits.  Defendant was asked to file a response to her unemployment claim.  The Clinic
10  Administrator, Marji Lykke, filled out the response form, and then consulted an attorney before filing
11  the response.  Based on her attorney's advice, she redacted portions of the response regarding the
12  reasons for plaintiff's termination.  Defendant faxed the redacted document to the Employment
13  Security Department on April 5, 2004.

14  Plaintiff now requests a Court order directing defendant to produce the unredacted version of
15  that form.  Plaintiff essentially argues that attorney-client privilege does not apply because the redacted
16  portion reflects facts of which Ms. Lykke had direct knowledge, not a communication with an
17  attorney.

18  **B. Attorney-Client Privilege**

19  Under the attorney-client privilege, confidential communications made by a client to an
20  attorney to seek, obtain or provide legal services are protected from disclosure.  *Fisher v. United*
21  *States*, 425 U.S. 391 (1976); *United States v. Hirsch*, 803 F.2d 493, 496 (9th Cir. 1986).  The
22  privilege is based on the policy that absolute confidentiality is "necessary to achieve its limited purpose
23  of encouraging full and frank disclosure by the client to his or her attorney."  *Clark v. Am. Commerce*
24  *Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).  The privilege recognizes that sound legal advice or

25
26  ORDER
PAGE - 2

1   advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully

2   informed by the client.  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).  The privilege must

3   be affirmatively raised and cannot have been waived.

4         Plaintiff argues that attorney-client privilege does not protect the unemployment form at issue

5   because the portion that was redacted contained facts known to Ms. Lykke.  Plaintiff relies primarily

6   on *Upjohn*, *supra*, in support of her argument.  Specifically, plaintiff notes that the *Upjohn* Court

7   explained:

> The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney:
>
> "[The] protection of the privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing.  The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney."

13  *Upjohn*, 449 U.S. 383 at 395-96 (citations omitted).  However, plaintiff ignores the context of that

14  discussion, wherein the Supreme Court actually concluded that the underlying questionnaires at issue

15  were protected by the attorney-client privilege because the moving party had access to the facts

16  contained in the questionnaires.  Therefore, "[a]pplication of the attorney-client privilege to

17  communications such as those involved here . . . puts the adversary in no worse position than if the

18  communications had never taken place."  *Upjohn*, 449 U.S. at 395.  The Court noted:

> Here the Government was free to question the employees who communicated with Thomas and outside counsel.  Upjohn has provided the IRS with a list of such employees, and the IRS has already interviewed some 25 of them.  While it would probably be more convenient for the Government to secure the results of petitioner's internal investigation by simply subpoenaing the questionnaires and notes taken by petitioner's attorneys, such considerations of convenience do not overcome the policies served by the attorney-client privilege.  As Justice Jackson noted in his concurring opinion in *Hickman v. Taylor*, 329 U.S., at 516: "Discovery was hardly intended to enable a learned profession to perform its functions . . . on wits borrowed from the adversary."

*Id.* at 396.

ORDER
PAGE - 3

The same reasoning applies to the instant case. Ms. Lykke sought advice from an attorney about what she had written on the form, prior to disclosing the form to the Employment Security Department. She redacted portions of her response based on the advice she received. Production of the unredacted version of the form would also disclose the communication between Ms. Lykke and counsel. Plaintiff has been free to question Ms. Lykke about the facts she redacted, and indeed, has done so during her deposition. (Dkt. #23, Ex. A at 178-87). As in *Upjohn*, plaintiff has been able to pursue the factual information known to Ms. Lykke regarding plaintiff's termination.

Furthermore, the Court is not persuaded by plaintiff's argument that Ms. Lykke waived the attorney-client privilege simply by filing the form with the Employment Security Department. By redacting portions of the response, defendant did not attempt to withhold the reasons for termination, as plaintiff suggests. Indeed, the stated reason for termination was violation of the company's confidentiality rule, and the explanation in support of that response was that plaintiff had violated the company's most important rule of confidentiality. Defendant provided the form with that stated reason just as it was transmitted to the employment Security Department. Plaintiff was then able to pursue the facts underlying that explanation through her deposition of Ms. Lykke. Accordingly, the Court finds that the original form filled out by Ms. Lykke is protected by the attorney-client privilege, and the Court declines to compel defendant to produce that form to plaintiff.

### III. CONCLUSION

Based on the reasons set forth above, it is hereby ORDERED that plaintiff's Motion to Compel (Dkt. #18) is DENIED. The clerk shall forward a copy of this Order to all counsel of record.

DATED this   11   day of April 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4